UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL FRANKLIN (M-05209), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 5752 |
| | ) | |
| v. | ) | Judge James F. Holderman |
| | ) | |
| DIRECTOR GODINEZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

Plaintiff Michael Franklin ("Franklin"), presently an inmate at Vienna Correctional Center, filed suit, *pro se*, alleging that the conditions of his confinement while housed at Cook County Jail violated his constitutional rights. Specifically, Franklin alleged in his amended complaint that sometimes he was confined to his cell for twenty-six hours at a time, that the time that he was allowed out of his was not long enough to make important phone calls, and that the fifteen minutes after recreation time to shower was inadequate because there were only three working showers. Presently pending before the court is defendants Director Godinez, Chief Moreci, and Superintendent Plaxico's (collectively "Defendants") "Motion for Summary Judgment" (Dkt. No. 36). For the reasons stated in this order, the motion is granted.

LEGAL STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56©; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All of the evidence and the reasonable inferences that may be drawn from the evidence are viewed

in the light most favorable to the nonmovant. *Miller v. Am. Family Mut. Ins.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, a party cannot defeat summary judgment by relying on unsubstantiated facts or by merely resting on its pleadings. *See Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Greer v. Bd. of Educ.*, 267 F.3d 723, 729 (7th Cir. 2001). Instead, the party that bears the burden of proof on an issue must affirmatively demonstrate, with admissible evidence, that a genuine issue of material fact exists that requires a trial. *See Hemsworth*, 476 F.3d at 490.

When Defendants filed their motion for summary judgment, they included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992), and *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). This notice clearly sets out the requirements of this Court's Local Rule 56.1. In particular, the notice explains that Franklin's response must comply with Federal Rule of Civil Procedure 56(e) and Local Rule 56.1.

Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file:

> (3) a concise response to the movant's statement that shall contain
>
> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b).

The district court may require strict compliance with Local Rule 56.1. *See Ammons v. Aramark Unif. Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *Bordelon v. Chic. Sch. Reform Bd. of*

*Trs.*, 233 F.3d 524, 527 (7th Cir. 2000) (strict compliance with the local rules governing summary judgment is upheld given the importance of those rules in structuring the summary judgment process); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). The court may disregard statements and responses that do not comply with Local Rule 56.1. *See Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809-10 (7th Cir. 2005).

Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced."); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994); *Fischer v. Ameritech*, No. 98 C 7470, 2002 WL 1949726, at *4 (N.D. Ill. Aug. 23, 2002) (Pallmeyer, J.).

Franklin filed a two-page response to Defendants' motion. Franklin's opposing brief does not include a specific response to Defendants' proposed undisputed facts. Accordingly, Defendants' proposed undisputed facts are deemed admitted. *See Chelios v. Heavener*, 520 F.3d 678, 687 (7th Cir. 2008); L.R. 56.1(b)(3)(B). Instead, Franklin argues that several conditions of his confinement were unconstitutional because they constituted "punishment" in violation of the Constitution. However, most of the conditions that Franklin argues were unconstitutional were not pled in his amended complaint. For example, he argues that the cells were filthy, overcrowded, and lacked proper ventilation. These newest claims are not included in Franklin's amended complaint. Franklin cannot defend the claims he brought with new claims, and he cannot amend his complaint via his response to the pending motion. *See Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996); *Car Carriers v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). Accordingly, the court addresses only those conditions included in Franklin's amended complaint.

BACKGROUND

Franklin was a detainee in Division 10 of Cook County Jail between the months of March 2007 and September 2007. (Defs.' 56.1(a)(3) Statement ¶ 2.) During this time period, the living rotation in place in Division 10 consisted of detainees in half of the cells on a tier being let out of their cells from approximately 7:30 a.m. to 1:30 p.m. (*Id.* ¶ 4.) After the correctional officers' shift change, the inmates in the other half of the cells on the tier would be let out of their cells from approximately 3:00 p.m. to 9:00 p.m. (*Id.*) When the cell rotation order would switch, the detainees who were let out of their cells during the morning shift would then be let out of their cells during the afternoon shift the following day. (*Id.* ¶ 5.) At times, this order change would result in detainees being locked in their cells for approximately a twenty-six hour period. (*Id.*) This living unit rotation in place in Division 10 was part of the ordinary operation and security of the jail. (*Id.* ¶ 9.) The living unit rotation was not intended to punish any detainees. (*Id.* ¶ 10.)

When a detainee has time outside of his cell, he is permitted, among other things, to use the dayroom, to play games or cards, converse with other detainees, use the shower facilities, watch television, use the telephone, or exercise. (*Id.* ¶ 6.) During his time out of his cell, Franklin was able to shower, call his attorney, play chess, watch television, or engage in any other permitted activity. (*Id.* ¶ 7.)

ANALYSIS

Franklin contends that he was subjected to punitive conditions of confinement as a result of the living unit rotation because he was, at times, confined to his cell for a twenty-six hour period and did not have enough time to make important phone calls or shower when he was allowed outside his cell.

A pretrial detainee's claim of unconstitutional conditions of confinement is analyzed under

4

the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. *See Anderson v. Gutschenritter*, 836 F.2d 346, 348-49 (7th Cir. 1988). However, the relevant question for a due process analysis is whether the challenged condition of confinement constitutes punishment in the same sense as punishment under the Eighth Amendment. *See Block v. Rutherford*, 486 U.S. 576, 583 (1984); *Tesch v. County of Green Lake*, 157 F.3d 465, 473 (7th Cir. 1998).

Courts apply a two-prong analysis is utilized in determining whether the conditions of confinement reach unconstitutional proportions. *See Wilson v. Seiter*, 501 U.S. 294, 299-302 (1991). The analysis consists of both an objective and subjective component. *Id.* First, the objective component requires the court to determine whether the alleged deprivation–the condition itself–was sufficiently serious to rise to the level of a constitutional violation. *Id.* The Constitution "does not mandate comfortable prisons," and only those deprivations denying the "minimal civilized measures of life's necessities" are serious enough to implicate the Constitution. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992).

Second, the subjective component requires a determination of whether the defendant acted with the requisite culpable state of mind. *See Wilson*, 501 U.S. at 302. The subjective component is satisfied if a prison official acts with deliberate indifference, *i.e.*, the official knows of and disregards an excessive risk of inmate health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Negligence and even gross negligence is insufficient to demonstrate deliberate indifference; instead, the defendant must have intended for the plaintiff to die or suffer grievously or knew of a significant risk that the plaintiff would suffer grievously but was indifferent to that risk. *See Rapier v. Harris*, 172 F.3d 999, 1006 (7th Cir. 1999); *Salazar v. City of Chicago*, 940 F.2d 233, 240 (7th Cir. 1991). If either the objective or subjective component is not satisfied, a plaintiff cannot prevail on his conditions of confinement claim. *See Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir.

5

1994).

Franklin alleges that requiring him to stay in his cell, at times for twenty-six hours, constitutes cruel and unusual punishment. Being detained in his cell for this time period, he claims, also resulted in his not being able to make important phone calls and not being able to shower as often as he would have liked, especially after recreation time. Franklin's alleged conditions do not rise to the level of a constitutional violation. First, Franklin does not have a general liberty interest in movement outside of his cell guaranteed by the Due Process Clause. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). Nor does the Constitution recognize an inmate's liberty interest in telephone privileges. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Arsberry v. Illinois*, 244 F.3d 558, 564 (7th Cir. 2001); *Martin v. Tyson*, 845 F.2d 1451, 1458 (7th Cir. 1988) (allowing prisoners one monitored telephone call every other day did not rise to a constitutional violation). Lastly, Franklin's occasional lack of time to shower that could result in a twenty-six hour period without a shower does not rise to a constitutional violation. *See Davenport v. De Robertis*, 844 F.2d 1310, 1316-17 (7th Cir. 1988) (finding that one shower a week was constitutionally sufficient). Accordingly, none of the alleged conditions that form the basis of Franklin's claims rises to a level of a constitutional violation.

Nor has Franklin demonstrated that the Defendants acted with the requisite culpable state of mind. Franklin does not dispute that the unit rotation was not the result of any intent to punish the detainees and applied to all Division 10 detainees. Furthermore, outside of the longer period of time that Franklin was required to be in his cell due to a unit rotation, twenty-six hours, Franklin was allowed approximately six hours outside of his cell on a daily basis, during which time he was able to make telephone calls, exercise, take showers, play games, watch television, etc. Accordingly, Franklin has not demonstrated that the Defendants acted with deliberate or reckless disregard to his

constitutional rights. Based on the above, no reasonable jury could find that the alleged conditions of Franklin's confinement constituted a violation of his Fourteenth Amendment rights.

The court further notes that Franklin would not be able to recover for any mental or emotional injury that he suffered from the conditions of his confinement because he has failed to demonstrate a physical injury as required by the Prison Litigation Reform Act. 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *Cassidy v. Ind. Dep't of Corr.*, 199 F.3d 374, 375-76 (7th Cir. 2000).

## CONCLUSION

For the foregoing reasons, Defendants' "Motion for Summary Judgment" (Dkt. No. 36) is granted. The Clerk is directed to enter judgment in favor of Defendants pursuant to Federal Rule of Civil Procedure 56. This case is closed.

ENTER:

*James F. Holderman*

_____

JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: August 12, 2010